### J. E. MAULTSBY v. THE STATE.

No. 13450. Delivered June 18, 1930.
Rehearing denied January 7, 1931.
Reported in 34 S. W. (2d) 289.

346

The opinion states the case.

*G. A. Walters* of San Saba, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

On the question of insufficient evidence, appellant cites Art. 848, C. C. P.; Taylor v. State, 221 S. W. 611; Claxton v. State, 288 S. W. 444; Mitchell v. State, 179 S. W. 116 and others.

*Reporter.*

MARTIN, JUDGE.—Offense, the unlawful sale of intoxicating liquor; penalty, twenty-two months in the penitentiary.

The record in this case shows that notice of appeal herein was given November 4, 1929; that Court adjourned November 6, 1929; that appellant's only bill of exception was filed February 4, 1930, and that his statement of facts was filed January 27, 1930. In the order overruling appellant's motion for new trial he was given eighty days "from and after the adjournment of this Court in which to file his statement of facts and bills of exception." The bill of exception was filed too late for consideration, but under the terms of Art. 760, C. C. P. (1925), the statement of facts was filed in time and will be considered.

The alleged insufficiency of the evidence is the only question presented for review. No useful purpose can be served by a tedious recital of the testimony. The statement of facts shows that the accusatory allegations of the indictment were sufficiently and fully proven. Some contradiction appears in the testimony of the State's witnesses, but this presented a matter for the jury, who are the sole judges of the credibility of the witnesses. We regard the State's testimony as sufficient, if believed by the jury, to sustain the verdict of guilty.

The judgment will be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—The alleged purchaser, W. V. McCombs, testified that he, in company with the witness Elder, went in a Ford car from Lampasas to the home of the appellant for the purpose of buying whisky and reached there about one o'clock in the afternoon. Elder talked to the appellant about the purchase of eight gallons of whisky at $8.00 per gallon, and McCombs agreed to purchase the whisky upon the terms mentioned. McCombs received from the appellant a ten-gallon keg containing eight gallons of whisky for which he paid the appellant $64.00 in cash. This occurred about the 20th day of November, 1927, in San Saba County, Texas.

Elder testified that he and McCombs reached the home of the appellant in San Saba County on the 20th day of November, 1927, and the appellant delivered to McCombs a keg which he stated contained eight gallons of whisky. McCombs had given Elder some money (the exact amount of which the witness did not know) with which to pay for the whisky, and which money Elder delivered to the appellant. The keg was placed in the automobile which Elder and McCombs were using, and by the latter carried to his home.

In his testimony the appellant said that he met the witness McCombs sometime in November, the exact date he did not recall; that one Lewis, a stranger to the appellant, was with McCombs. They had some tire trouble and came to the home of the appellant to make the repairs. They purchased from the appellant fifty pounds of pecans for which they gave him a check on a bank in Lampasas for ten dollars. He also disclaimed having previously seen Elder and denied that he had sold or delivered any whisky to McCombs, Elder or Lewis. He also denied having received any money from them. He stated that the check had not been paid, though demand was several times made, and after it was dishonored, it was delivered to the county attorney for collection. When McCombs was told by the appellant that he would deliver the check to the county attorney, he said in substance, "You have the reputation of being a bootlegger, and I will swear that I bought whisky with the check.'"

McCombs was recalled by the appellant for additional cross-examination and testified that he had been instrumental in causing the indictment of the appellant for violation of the liquor law in several cases, namely: the first was on November 20, 1927, an-

other the 15th of November, 1928, another on the 5th of November, 1928, and another between the 6th and 10th of February, 1928; that he was accompanied by Lewis in February when he bought a gallon of whisky from the appellant. Elder was with McCombs at the time he bought four gallons of whisky from the appellant.

Lewis testified that on the 5th of November, 1928, he and McCombs visited Maultsby's place in Lampasas County and bought from him a gallon of whisky which was placed in three half-gallon jars. Lewis and McCombs were arrested at a place called Lometa and the whisky was taken from them.

A constable testified that at the date mentioned, Lewis and McCombs were arrested and three half-gallon jars of whisky taken from them. McCombs testified that the $10.00 check mentioned above was delivered to the appellant on the 5th of November in payment of the whisky that was taken from them by the officer, and that the word "pecans" was written on the check in an effort to cover up the transaction.

The length of the statement of facts precludes a full recital of the facts. It is contended, however, by the appellant that contradictions were developed from the State's witnesses in cross-examination, and that their testimony is conflicting in many details. As to the main fact, however, (the transaction in which it is claimed that $64.00 were delivered to the appellant for eight gallons of whisky) their testimony coincides. Appellant advances the position that the conflict between the State's witnesses as to the details mentioned cannot be reconciled, demonstrating that in the particulars mentioned the testimony of one or the other of the witnesses must be false, thereby rendering the State's testimony so doubtful to a degree that it is obligatory upon the reviewing court to annul the verdict. In that connection, appellant advances the theory that McCombs acted with malice due to the action about the check and the further admission by McCombs that he was engaged as an illicit dealer in whisky. The duty of the Court of Criminal Appeals to reverse a judgment of conviction where the evidence is insufficient has often been affirmed. When, as in the present case, there is evidence which, if believed, is adequate to support the verdict of the jury, both precedents and statutes impel this court to give effect to the verdict. See C. C. P., 1925, Arts. 657 and 706. In the case of Johnson v. State, 83 Tex. Cr. R. 64, citing many precedents, it is said:

"This court has never assumed the right, where the evidence is sufficient, if believed, but conflicting, to set aside the verdict be-

cause the judges might, if they had been upon the jury, believed the evidence of one witness and disbelieved that of another. The contrary view has been taken by this court throughout its history, and by the Supreme Court when it had jurisdiction of criminal matters."

See also Corpus Juris, Vol. 4, secs. 397 to 399, inclusive, and the notes.

On the record we are constrained to overrule the motion for rehearing.

*Overruled.*