J. E. MAULTSBY v. THE STATE.

No. 13449. Delivered December 17, 1930.
Rehearing Denied February 4, 1931.

The opinion states the case.

*G. A. Walters,* of San Saba, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, two years in the penitentiary.

This is a case upon substantially the same facts as appear in cause No. 13450, Maultsby v. State, 116 Texas Crim. Rep., 345, 34 S. W. (2d) 289, opinion handed down at a former day of this term. The trial term of the court below adjourned November 6, 1929. When appellant's motion for new trial was overruled he was expressly given eighty days after adjournment of the court in which to file bills of exception and statement of facts. Computation shows this time to have expired on January 25th. The only bill of exception in the record was filed on February 4th, which is manifestly too late to be considered by us.

We see no good to come from an extended discussion of the facts. The State witness testified to the sale of the liquor. Appellant and his witnesses attempted to discredit the good faith of the prosecution, and to show that same resulted from an effort on the part of appellant to collect from prosecuting witness money due for the sale of pecans. These fact questions were for the jury, and we are not disposed to overturn their settlement of same.

No error appearing, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant complains that his claim of newly discovered evidence set up in his motion for new trial was not sustained.

236

It appears from the face of his motion that the claimed newly discovered evidence could by the use of proper diligence have been known to appellant during the trial. The witness was present in the court at the instance of the State. The State did not call him. No effort seems to have been made by appellant to ascertain what his testimony would be if placed upon the witness stand. The witness withheld nothing from appellant, nor misled him in any way. No affidavit of the witness is attached to the motion for new trial, nor is there any showing why such affidavit was not attached. West v. State, 2 Texas Crim. App., 209. See, also, Branch's Ann. Texas P. C., Sec. 197, under which many authorities are collated. If any evidence was heard upon the motion for new trial upon the point as to what the claimed newly discovered witness would testify the record is silent on it. The court would not be bound by what is stated in the motion in that regard, although the motion was sworn to by appellant. The motion for new trial is ordinarily regarded as a pleading only.

The facts need not be discussed. They are practically the same as in No. 13450, Maultsby v. State, 116 Texas Crim. Rep., 345, 34 S. W. (2d) 289, in which motion for rehearing was overruled on the 7th day of January, 1931, and the facts thoroughly analyzed in the opinion on rehearing.

The motion for rehearing is overruled.

*Overruled.*